# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORPORATION,<br><br>                    Plaintiff,<br><br>    v.<br><br>DEEPINDER DHINDSA, dba AMERICAN FLEET & AUTO SERVICE CENTER,<br><br>                    Defendant._____/ | CASE NO.   1:10-cv-00335-LJO-SKO<br><br>ORDER ON MOTION FOR LEAVE TO SERVE DISCOVERY |

## I. BACKGROUND

This suit arises out of Plaintiff's collection efforts on a student loan that is in default. Plaintiff is a guaranty agency operating pursuant to the regulations of the Federal Family Education Loan Program ("FFELP"). The FFELP is authorized under Title VI, Part B, of the Higher Education Act of 1964, 20 U.S.C. § 1071, et seq. ("HEA"). Under FFELP, participating lending institutions use their own funds to make loans to qualified borrowers attending eligible post secondary schools. *See generally Pelfrey v. Educational Credit Management Corp.*, 71 F.Supp. 2d 1161, 1163 (N.D. Ala. 1999). The loans are guaranteed by state agencies or nonprofit organizations, and are subsidized and reinsured by the United States Department of Education.

20 U.S.C. §§ 1071, 1087-1.

The guaranty agency's role under FFELP is to issue guaranties to lenders on qualifying loans, for which it collects insurance premiums paid by the lenders, but passed on to the borrowers. *Id.* Guaranty agencies are required to insure the entire amount of the loan, and are in turn reinsured by the Department of Education ("DOE"). *Id.* If the guaranty agencies act in accordance with the regulations promulgated under the HEA and FFELP, DOE will reimburse the agency when the agency is required to pay default claims – i.e., where a borrower has failed to pay its student-loan lender. Under FFELP and HEA, the guaranty agencies have a continuing obligation to pursue collection activities even after the DOE has reimbursed the agencies for default claims that the agency has paid to lenders. 34 C.F.R. § 682.410(b)(6). As a mechanism for pursuing collection activity, guaranty agencies have authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. Section 1095a sets forth the procedures for providing defaulting student borrowers with due process, including prior notice of the agency's intent to withhold, and an opportunity to be heard at a hearing if requested by the borrower. After this process, the guaranty agency is allowed to issue a Wage Withholding Order.[1] Section 1095a also grants guaranty agencies the right to institute suit against those employers who do not deduct and pay pursuant to the Wage Withholding Order. 20 U.S.C. § 1095a(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(F).

Here, Plaintiff asserts that it is a guaranty agency under FFELP and it is attempting to collect on a student loan that is in default. Plaintiff contends that it has followed the administrative steps required to collect on the student loan. Specifically, Plaintiff alleges that it served the defaulting borrower, Joel J. O'Leary ("O'Leary") with a "Notice Prior to Administrative Wage Garnishment" on December 17, 2008. On February 6, 2009, Plaintiff served O'Leary's employer, Deepinder Dhindsa, doing business as American Fleet & Auto

---

[1] Pursuant to 20 U.S.C. § 1095a(a)(6), the guaranty agency may garnish the wages of a defaulted borrower through an administrative mechanism called a Wage Withholding Order that is served upon the defaulted borrower's employer.

Service Center ("Dhindsa"), with an "Order of Withholdings From Earnings" requiring Dhindsa to withhold fifteen percent (15%) of O'Leary's disposable pay.  Plaintiff sent Dhindsa a "Second Notice of Order of Withholding From Earnings" on March 26, 2009.  Plaintiff also sent Dhindsa demand letters seeking compliance with the Withholding Orders on June 25, 2009, July 20, 2009, and October 2, 2009.  Dhindsa refused to comply with the "Order of Withholdings From Earnings," and Plaintiff filed the instant action on February 24, 2010, seeking enforcement of the Withholding Order.  Dhindsa was served with the suit on March 5, 2010, but failed to respond to the complaint.

On April 15, 2010, Plaintiff requested an entry of default against Dhindsa, which was entered on April 21, 2010.  On April 29, 2010, Plaintiff filed a Motion for Discovery.  Plaintiff asserts that to receive an entry of judgment, it must prove its damages, and without any discovery from Dhindsa as to how much was paid to O'Leary, Plaintiff cannot prove the amount of its damages.  Therefore, Plaintiff requests that it be allowed to serve a request for production of documents on Dhindsa, despite the fact that Dhindsa has not appeared in this action, and the parties have not met and conferred pursuant to Fed. R. Civ. P. Rule 26(f).

## II.   DISCUSSION

The Federal Rules of Civil Procedure provide that typically a party may not initiate discovery before the parties have met and conferred pursuant to Rule 26(f).  *See* Fed. R. Civ. P. 26(d)(1).  However, Rule 26(d) provides that a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d).  A court may grant a request to take discovery prior to the parties' meeting under Rule 26(f) where the requesting party demonstrates good cause.  *See Semitool, Inc. v. Tokyo Electorn Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*

If good cause is shown, early discovery may be ordered, even where a defendant has failed to appear.  In *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520 (E.D. Wis. 2007), plaintiff sought discovery from a defendant against whom default had been entered.  The plaintiff

1  asserted that the defendant had exclusive possession of the information required to determine the
2  composition of the class and the amount of damages to be awarded, but discovery could not be
3  sought until after a Rule 26(f) conference. *Id.* at 521. As the defendant had defaulted, no such
4  Rule 26(f) conference could take place. Given the need for discovery and the defendant's default,
5  the court found that plaintiff had stated "good cause" for the authorization of discovery prior to
6  the Rule 26(f) conference. *Id.*

7  Pursuant to 20 U.S.C. § 1095a and the Withholding Order, the Plaintiff's damages are
8  fifteen percent (15%) of O'Leary's disposable pay received from Dhindsa. Plaintiff has no
9  information regarding the amount of wages paid by Dhindsa to O'Leary, and is unable to confirm
10 the amount that is due under the Withholding Order. As Dhindsa has defaulted, no Rule 26(f)
11 conference has yet taken place, and no discovery has been propounded. Plaintiff requests
12 permission to serve Dhindsa with a request for production of documents. Plaintiff's document
13 request seeks "all Documents related to Joel J. O'Leary, showing Wage Information and/or wages
14 paid to Joel J. O'Leary and deductions from those wages for the period beginning February 6,
15 2009, and ending the latter of the last day [O'Leary] was [Dhindsa's] employee or the date
16 [Dhindsa] produces the requested information." *See* Declaration of Scott A. Schiff, Exhibit A.

17 Like *Sheridan*, Plaintiff asserts that Dhindsa holds the information necessary to liquidate
18 its claim, and obtain an entry of judgment. Plaintiff asserts that Dhindsa, as O'Leary's employer,
19 is the only person who has the wage information required to calculate Plaintiff's damages.
20 Because Dhindsa has defaulted in this case, Plaintiff has been precluded from engaging in a Rule
21 26(f) conference and initiating discovery. Considering the record, the reasonableness of the
22 request and the circumstances of this case, the Court finds that Plaintiff has stated good cause to
23 seek discovery prior to the Rule 26(f) conference. Plaintiff may serve a Request for Production
24 of Documents on Dhindsa related to wage information and wages paid by Dhindsa to Joel J.
25 O'Leary.

26 Accordingly, IT IS HEREBY ORDERED that:
27 Plaintiff's non-dispositive motion to permit limited discovery is GRANTED to the extent
28 that he may propound a request for production of documents seeking documents related to wage

information of Joel J. O'Leary beginning in February 6, 2009, until either the last day O'Leary was employed by Dhindsa or the date Dhindsa produces the requested information, if O'Leary is still employed with Dhindsa at this time.

IT IS SO ORDERED.

**Dated:     June 8, 2010**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE