# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORP., <br><br> Plaintiff, <br><br> v. <br><br> DEEPINDER DHINDSA, dba AMERICAN FLEET & AUTO SERVICE CENTER, <br><br> Defendant. _____/ | CASE NO. 1:10-cv-00335-LJO-SKO <br><br> **ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS; ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

This suit arises out of Plaintiff's collection efforts on a student loan that is in default. Plaintiff is a guaranty agency operating pursuant to the regulations of the Federal Family Education Loan Program ("FFELP"). The FFELP is authorized under Title VI, Part B, of the Higher Education Act of 1964, 20 U.S.C. § 1071, et seq. ("HEA"). Under FFELP, participating lending institutions use their own funds to make loans to qualified borrowers attending eligible post secondary schools. *See generally Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1163 (N.D. Ala. 1999). The loans are guaranteed by state agencies or non-profit organizations, and are subsidized and reinsured by the United States Department of Education. 20 U.S.C. §§ 1071, 1087-1.

The guaranty agency's role under FFELP is to issue guaranties to lenders on qualifying loans, for which it collects insurance premiums paid by the lenders, but passed on to the borrowers. *Id.* Guaranty agencies are required to insure the entire amount of the loan, and are in turn reinsured by the Department of Education ("DOE"). *Id.* If the guaranty agencies act in accordance with the regulations promulgated under the HEA and FFELP, DOE will reimburse the agency when the agency is required to pay default claims – i.e., where a borrower has failed to pay its student-loan lender. Under FFELP and HEA, the guaranty agencies have a continuing obligation to pursue collection activities even after the DOE has reimbursed the agencies for default claims that the agency has paid to lenders. 34 C.F.R. § 682.410(b)(6).

As a mechanism for pursuing collection activity, guaranty agencies have authority to administratively issue orders to employers of defaulted borrowers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. *See* 20 U.S.C. § 1095a. Section 1095a sets forth the procedures for providing defaulting borrowers with due process, including prior notice of the agency's intent to withhold and an opportunity to be heard at a hearing if requested by the borrower. After this process, the guaranty agency is allowed to issue a Wage Withholding Order.[1] Section 1095a also grants guaranty agencies the right to institute suit against those employers who do not deduct and pay the deducted wages to the guaranty agency pursuant to the Wage Withholding Order. 20 U.S.C. § 1095a(a)(6); 34 C.F.R. § 682.410(b)(9)(i)(F).

Here, Plaintiff asserts that it is a guaranty agency under FFELP, and it is attempting to collect on a student loan that is in default. Plaintiff contends that it has followed the administrative steps required to collect on the student loan. Specifically, Plaintiff alleges that it served the defaulting borrower, Joel J. O'Leary ("O'Leary"), with a "Notice Prior to Administrative Wage Garnishment" on December 17, 2008. On February 6, 2009, Plaintiff served O'Leary's employer, Deepinder Dhindsa, doing business as American Fleet & Auto Service Center ("Dhindsa"), with an "Order of Withholdings From Earnings" requiring Dhindsa to withhold fifteen percent (15%) of O'Leary's

---

[1] Pursuant to 20 U.S.C. § 1095a(a)(6), the guaranty agency may garnish the wages of a defaulted borrower through an administrative mechanism called a Wage Withholding Order that is served upon the defaulted borrower's employer. The Wage Withholding Order is an administrative order requiring the employer to deduct a certain percentage of its employee's disposable wages.

2

disposable pay.  Plaintiff sent Dhindsa a "Second Notice of Order of Withholding From Earnings" on March 26, 2009.  Plaintiff also sent Dhindsa demand letters seeking compliance with the Wage Withholding Orders on June 25, 2009, July 20, 2009, and October 2, 2009.  Following Dhindsa's refusal to comply with the "Order of Withholdings From Earnings," Plaintiff filed the instant action on February 24, 2010, seeking enforcement of the Withholding Order.  Dhindsa was served with the suit on March 5, 2010, (Doc. 6), but failed to respond to the complaint.

On April 15, 2010, Plaintiff requested that default be entered against Dhindsa (Doc. 8); the Clerk entered Dhindsa's default on April 21, 2010 (Doc. 11).  On April 29, 2010, Plaintiff filed a Motion for Discovery to serve discovery prior to the Rule 26(f) conference that had not taken place because of Dhindsa's default.  Plaintiff argued that discovery was needed to ascertain how much money should have been withheld from O'Leary's pay pursuant to the Wage Withholding Order. (Doc. 12; *see* Doc. 16, 7:22-23 ("[Plaintiff] is unable to determine the amount of [O'Leary's] disposable pay and calculate the amount that should have been withheld from [O'Leary's] wages.").) Plaintiff's motion was granted.  (Doc. 14.)  Plaintiff proceeded to serve discovery on Dhindsa, but Dhindsa did not respond to Plaintiff's requests for production of documents.  (Doc. 16, Declaration of Scott A. Schiff ("Schiff Decl.") ¶ 6.)

On August 25, 2010, Plaintiff filed the instant Motion for Default Judgment, or, in the alternative, a "Motion to Compel Responses to [Plaintiff's] Requests for Production of Documents." (Doc. 16.)  Plaintiff also requests attorneys' fees in the amount of $3,720 and costs of suit in the amount of $350.  Defendant Dhindsa has not filed an opposition to this motion or otherwise appeared in this action.

## II.  DISCUSSION

**A.  Motion to Compel Responses to Plaintiff's Requests for Production of Documents Is Granted**

For purposes of obtaining a default judgment, a plaintiff is required to prove all damages sought in the complaint.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992).  In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages

3

1  are not contained in the complaint, or are legally insufficient, they will not be established by default.
2  *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

3  Here, Plaintiff states that, while the outstanding balance of O'Leary's student loan may be
4  easily provable, it cannot precisely quantify the amount of its damages with regard to the Wage
5  Withholding Order it issued to Dhindsa because it has no information regarding wages paid to
6  O'Leary by Dhindsa. (Doc. 16, 7:22-23.) To determine the amount of damages owed to Plaintiff
7  under the Wage Withholding Order, the Court ordered that Plaintiff be permitted to serve Requests
8  for Production of Documents on Dhindsa. (Doc. 14.) Dhindsa did not respond to these requests.
9  (Doc. 16, Schiff Decl. ¶ 6.)

10  In light of the possibility that evidence regarding damages may be available pursuant to
11  Plaintiff's discovery requests, it is premature for the Court to consider Plaintiff's Motion for Default
12  Judgment. To that end, Plaintiff requests, as an alternative to its Motion for Default Judgment, an
13  order compelling Dhindsa to respond to its Requests for Production of Documents. Given the need
14  for discovery as to O'Leary's wages, the Court will grant Plaintiff's "Motion to Compel Defendant's
15  Response to Requests for Production of Documents." In granting Plaintiff's Motion to Compel, the
16  Court does not decide Plaintiff's Motion for Default Judgment against Defendant Dhindsa. The
17  Motion for Default Judgment currently calendared for October 13, 2010, will be reset to November
18  17, 2010, to provide Defendant with an opportunity to respond to this Order compelling the
19  production of documents.

20  **B.      Defendant Shall Show Cause Why Sanctions Should Not Be Awarded to Plaintiff**

21  Plaintiff requests that the Court award sanctions against Defendant Dhindsa in the amount
22  of $1,377.50 as an award of costs and fees associated with filing this Motion to Compel.

23  Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding
24  discovery may file a motion with the Court requesting an order seeking to compel disclosure when
25  an opposing party has failed to respond or has provided evasive or incomplete responses to the
26  propounded discovery. Fed. R. Civ. P. 37(a)(2), (3). The court may award sanctions against a party
27  who has failed to respond to a discovery request. *See* Fed. R. Civ. P. 37(d). Rule 37 also provides
28  that, instead of or in addition to other sanctions, the "court must require the party failing to act, . . .

4

to pay reasonable expenses, including the attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(2).

The Court orders Defendant Dhindsa to explain why he should not be sanctioned in the amount of $1,377.50 pursuant to Rule 37 for his failure to respond to Plaintiff's discovery requests. Dhindsa shall provide a written response, addressed to the Court, explaining why he failed to respond to Plaintiff's requests and why he should be excused from paying Plaintiff's fees and costs associated with filing the Motion to Compel. This response shall clearly state that it is in response to the Court's order to show cause and should contain the case number identified at the top of this document. Beyond filing a response to this order with the Court, Defendant Dhindsa is ordered to respond to Plaintiff's Requests for Production of Documents and send his responses directly to Plaintiff.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Compel Production of Documents is GRANTED;
2. Dhindsa shall respond to Plaintiff's Requests for Production of Documents within twenty (20) days from the date of service of this order;
3. Dhindsa shall show cause, submitted in writing to the Court **within twenty (20) days** from the date of service of this order, why the Court should not impose sanctions in the amount of $1,377.50 on Defendant Dhindsa pursuant to Fed. R. Civ. P. 37;
4. Plaintiff shall promptly **personally serve Defendant Dhindsa** with: (1) a copy of this order and (2) a copy of Plaintiff's Requests for Production of Documents;
5. Plaintiff shall file a proof of personal service after service is completed; and
6. Plaintiff's Motion for Default Judgment currently scheduled for October 13, 2010, is VACATED and RESET to November 17, 2010, at 9:30 a.m. in Courtroom 8 of the above entitled court before Magistrate Judge Sheila K. Oberto.

IT IS SO ORDERED.

**Dated:   October 7, 2010**               /s/ **Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE