# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORP., <br><br> Plaintiff, <br><br> v. <br><br> DEEPINDER DHINDSA, dba AMERICAN FLEET & AUTO SERVICE CENTER, <br><br> Defendant. _____/ | CASE NO. 1:10-cv-00335-LJO-SKO <br><br> **ORDER TO SHOW CAUSE WHY DEFAULT JUDGMENT IN THE AMOUNT OF $12,161.92 PLUS APPLICABLE INTERESTS SHOULD NOT BE RECOMMENDED** |

## I. INTRODUCTION

This suit arises out of Plaintiff's collection efforts on a student loan that is in default. Plaintiff is a guaranty agency operating pursuant to the regulations of the Federal Family Education Loan Program ("FFELP"). The FFELP is authorized under Title VI, Part B, of the Higher Education Act of 1964, 20 U.S.C. § 1071, et seq. ("HEA"). Under FFELP, participating lending institutions use their own funds to make loans to qualified borrowers attending eligible post secondary schools. *See generally Pelfrey v. Educ. Credit Mgmt. Corp.*, 71 F. Supp. 2d 1161, 1163 (N.D. Ala. 1999). The loans are guaranteed by state agencies or non-profit organizations and are subsidized and reinsured by the United States Department of Education. 20 U.S.C. §§ 1071, 1087-1.

The guaranty agency's role under FFELP is to issue guaranties to lenders on qualifying loans, for which it collects insurance premiums paid by the lenders, but passed on to the borrowers. *Id.* Guaranty agencies are required to insure the entire amount of the loan, and are in turn reinsured by the Department of Education ("DOE"). *Id.* If the guaranty agencies act in accordance with the regulations promulgated under HEA and FFELP, DOE will reimburse the agency when the agency is required to pay default claims – i.e., where a borrower has failed to pay its student-loan lender. Under FFELP and HEA, a guaranty agency has a continuing obligation to pursue collection activities even after DOE has reimbursed the agency for default claims that the agency has paid to lenders. 34 C.F.R. § 682.410(b)(6).

As a mechanism for pursuing collection activity, guaranty agencies have authority to administratively issue orders to employers of defaulted borrowers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers. 20 U.S.C. § 1095a. Section 1095a sets forth the procedures for providing defaulting student borrowers with due process, including prior notice of the agency's intent to withhold and an opportunity to be heard at a hearing if requested by the borrower. After this process, the guaranty agency is allowed to issue a Wage Withholding Order.[1] Section 1095a also grants guaranty agencies the right to institute suit against those employers who do not deduct and pay pursuant to the Wage Withholding Order. Id.; 34 C.F.R. § 682.410(b)(9)(i)(F).

## II. DISCUSSION

**A.    Defendant's Failure to Respond to the Wage Withholding Order and the Complaint**

Plaintiff asserts that it is a guaranty agency under FFELP, and it is attempting to collect on a student loan that is in default. Plaintiff contends that it has followed the administrative steps required to collect on the student loan. Specifically, Plaintiff alleges that it served the defaulting borrower, Joel J. O'Leary ("O'Leary") with a "Notice Prior to Administrative Wage Garnishment" on December 17, 2008. On February 6, 2009, Plaintiff served O'Leary's employer, Deepinder

---

[1] Pursuant to 20 U.S.C. § 1095a(a)(6), the guaranty agency may garnish the wages of a defaulted borrower through an administrative mechanism called a Wage Withholding Order that is served upon the defaulted borrower's employer. The Wage Withholding Order is an administrative order requiring the employer to deduct a certain percentage of its employee's disposable wages.

2

Dhindsa, doing business as American Fleet & Auto Service Center ("Dhindsa"), with an "Order of Withholdings From Earnings" requiring Dhindsa to withhold fifteen percent (15%) of O'Leary's disposable pay. Plaintiff sent Dhindsa a "Second Notice of Order of Withholding From Earnings" on March 26, 2009. Plaintiff also sent Dhindsa demand letters seeking compliance with the Withholding Orders on June 25, 2009, July 20, 2009, and October 2, 2009. Following Dhindsa's refusal to comply with the "Order of Withholdings From Earnings," Plaintiff filed the instant action on February 24, 2010, seeking enforcement of the Withholding Order. Dhindsa was served with the suit on March 5, 2010 (Doc. 6), but failed to respond to the complaint.

**B.      Defendant's Failure to Respond to Discovery, the Court's Order to Compel Responses, and the Court's Order to Show Cause**

On April 15, 2010, Plaintiff requested that default be entered against Dhindsa (Doc. 8); the Clerk entered Dhindsa's default on April 21, 2010 (Doc. 11). On April 29, 2010, Plaintiff filed a Motion for Discovery to serve discovery prior to the Rule 26(f) conference that had not taken place because of Dhindsa's default. Plaintiff argued that discovery was needed to ascertain how much money should have been withheld from O'Leary's pay pursuant to the Wage Withholding Order. (Doc. 12; *see* Doc. 16, 7:22-23 ("[Plaintiff] is unable to determine the amount of [O'Leary's] disposable pay and calculate the amount that should have been withheld from [O'Leary's] wages.").) Plaintiff proceeded to serve discovery on Dhindsa, but Dhindsa did not respond to Plaintiff's discovery requests. (Doc. 16, Declaration of Scott A. Schiff ("Schiff Decl.") ¶ 6).

On August 25, 2010, Plaintiff filed a Motion for Default Judgment, or, in the alternative, a "Motion to Compel Responses to [Plaintiff's] Requests for Production of Documents." (Doc. 16.) In its Motion for Default Judgment, Plaintiff requested that a judgment be entered and awarded as follows: (1) $6,628.47, the full amount of O'Leary's student loan debt, (2) interest in the amount of $0.37 per day from August 13, 2010, (3) attorneys' fees in the amount of $3,720, and (4) costs of suit in the amount of $350.

On October 7, 2010, the Court granted Plaintiff's alternative "Motion to Compel Responses to [Plaintiff's] Requests for Production of Documents." (Doc. 18.) In doing so, the Court noted that, while the outstanding balance of O'Leary's student loan may be easily provable, Plaintiff could not precisely quantify the amount of its damages with regard to the Wage Withholding Order it issued

3

1 to Dhindsa because it had no information regarding the amount of wages paid to O'Leary by
2 Dhindsa. (Doc. 16, 7:22-23.) As Dhindsa failed to respond to Plaintiff's discovery requests seeking
3 this information, the Court granted Plaintiff's Motion to Compel responses to its Requests for
4 Production of Documents and ordered that Plaintiff personally serve the Court's order granting the
5 motion to compel on Dhindsa along with a copy of the Requests for Production of Documents.
6 (Doc. 18.) Plaintiff's Motion to Compel also sought sanctions in the amount of the attorneys' fees
7 and costs of filing the motion to compel. In its order granting the motion to compel, the Court
8 ordered Dhindsa to show cause why Defendant Dhindsa should not be required to pay $1,377.50 as
9 an award of costs and fees associated with the motion. Despite the Court's order and personal
10 service thereof, Defendant Dhindsa responded neither to the Court's order compelling Dhindsa to
11 respond to Plaintiff's discovery requests nor to the Court's order to show cause regarding sanctions.
12 (*See* Doc. 21.)

**C.   Plaintiff's Motion for Default Judgment**

On November 17, 2010, a hearing was held regarding Plaintiff's motion for default judgment against Dhindsa. (Doc. 22.) To provide additional evidence as to damages, Plaintiff agreed to provide supplemental declarations addressing the following: (1) the nature of the conversations of Plaintiff's counsel with Defendant regarding settlement and payment, (2) whether Defendant made any payments in compliance with the Wage Withholding Order and whether the total amount due is properly offset by any amount Defendant has paid, (3) the dates when Defendant ceased to comply with the Wage Withholding Order, (4) updated billing records from Plaintiff's counsel, and (5) whether Plaintiff has any actions pending against Mr. O'Leary or whether Plaintiff has obtained a judgment against Mr. O'Leary for payment of the student loan at issue.[2]

On December 1, 2010, Plaintiff filed a supplemental declaration of Kaye Worrell (Doc. 23) and attorney Scott A. Schiff (Doc. 24). Ms. Worrell states that the total amount of the loan balance,

---

[2] Title 34 of the Code of Federal Regulations § 682.410(b)(6)(vii) provides that "[a] guaranty agency may file a civil suit against a borrower to compel repayment *only* if the borrower has no wages that can be garnished under paragraph (b)(9) of this section, or the agency determines that the borrower has sufficient attachable assets or income that is not subject to administrative wage garnishment that can be used to repay the debt, and the use of litigation would be more effective in collection of the debt." (emphasis added).

4

1  as of November 30, 2010, is $6,674.42[3] and that Plaintiff has incurred costs of $563.60 and
2  attorneys' fees in the amount of $4,830.00. (Doc. 23, ¶¶ 8, 11.) According to Ms. Worrell, Dhindsa
3  has never made a payment under Wage Withholding Order, and no suit has been instituted or
4  judgment rendered in favor of Plaintiff against O'Leary. (Doc. 23, ¶¶ 7, 10.) Ms. Worrell also
5  estimated that the cost of serving Defendant personally with her and Mr. Schiff's supplemental
6  declarations would be approximately $98.00. (Doc. 23, ¶ 11.) Mr. Schiff's declaration provides
7  updated billing records confirming that the amount expended in attorneys' fees and costs in this
8  matter totals $5,393.60, plus an estimated $98.00 for the cost of personal service of the December
9  1, 2010, declarations. (Doc. 24.) These declarations were personally served on Dhindsa on
10 December 3, 2010, and the fee for the service was $93.90. (Doc. 27.) Thus, the total fees and costs
11 of the litigation amounts to $5,487.50 ($4,830.00 + $563.60 + $93.90).

12    Plaintiff seeks a default judgment in the total amount of the loan ($6,674.42) as well as
13 collection costs and fees associated with this litigation ($5,487.50). The total amount that Plaintiff
14 seeks as a default judgment is $12,161.92 plus applicable interest.

15    Defendant has <u>failed</u> to do the following: (1) make an appearance in this action, (2) comply
16 with the Court's October 7, 2010, Order to Produce Documents, and (3) respond to the Court's
17 October 7, 2010, Order to Show Cause. By failing to respond to Plaintiff's discovery requests, the
18 amount of wages paid by Dhindsa to O'Leary is unknown, and, therefore, the amount of wages
19 subject to the Wage Withholding Order is not quantifiable. Subject to O'Leary's continuing
20 employment with Dhindsa, Plaintiff has the right to continue to garnish the wages of O'Leary until
21 the total loan amount is paid in full. However, the statute specifically instructs that an employer
22 "shall not be required to vary the normal pay and disbursement cycles in order to comply" with the
23 statute. 20 U.S.C. § 1095a(a)(6). The Court notes that O'Leary's disposable wages subject to the
24 Wage Withholding Order may be significantly less than the total amount of O'Leary's loan.
25 However, if a guaranty agency's difficulty in establishing the amount of its damages under a Wage

---

[3] Ms. Worrell states that the principal balance is $5,502.77, the interest is $393.99, and collection costs include $777.66. The current interest rate is 2.470%. Simple interest continues to accrue on a daily basis, based on the outstanding principal balance, at a rate of $0.37 per day. (Doc. 23, ¶ 8.)

5

1  Withholding Order is caused by an employer's (1) intentionally withholding information regarding
2  an employee's wages, (2) refusing to garnish wages pursuant to a Wage Withholding Order, (3)
3  failing to participate in litigation regarding the Wage Withholding Order, and (4) ignoring multiple
4  court orders to compel documents and show cause why sanctions should not issue, the private right
5  of action against employers of borrowers provided to guaranty agencies by Congress is potentially
6  subverted.

7  Due to Dhindsa's refusal to comply with multiple Court orders to furnish Plaintiff with
8  information regarding O'Leary's term of employment and wages, pursuant to Federal Rule of Civil
9  Procedure 55 and 37, the Court is inclined to recommend that Plaintiff be awarded a default
10 judgment in the full amount of O'Leary's loan including all of the costs of this action, which amounts
11 to $12,161.92.  However, the Court will provide Defendant one _final_ opportunity to be heard in this
12 matter regarding his liability or the amount of the damages Plaintiff alleges.

### III.  CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED THAT:

1. Dhindsa show cause, in writing addressed to the Court, why a default judgment should not be entered against him in the amount of $12,161.92, plus applicable interest until the date of judgment;

2. The response to this Order to Show Cause is to be filed with the Court within 20 days after Defendant is served with this Order; and

3. The Clerk of Court shall serve a copy of this order by mail to "Deepinder Dhindsa, 4609 Glass Ct., Suite 5, Modesto, California 95356."

IT IS SO ORDERED.

**Dated:   December 17, 2010**               /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE